```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```

| | |
|---|---|
| WILLIE L. DAVIS, | |
| Plaintiff, | |
| vs. | No. 12-2166-STA-cgc |
| TONY R. ARVIN, | |
| Defendant. | |

ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On February 27, 2012, Plaintiff Willie L. Davis, Bureau of Prisons register number 21433-076, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, filed a pro se complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), accompanied by a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1 & 2.) The Court issued an order on March 15, 2012, granting leave to proceed in forma pauperis and assessing the civil filing fee pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) The Clerk shall record the defendants as Assistant United States Attorney Tony R. Arvin and former Shelby County Sheriff Mark H. Luttrell, Jr.

This case arises out of United States v. Davis, No. 07-20042-STA (W.D. Tenn.), in which Davis pled guilty to two counts of

obstructing interstate commerce by robbery, in violation of 18 U.S.C. § 1951; two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and one count of use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). Davis is serving a sentence of two hundred sixteen (216) months imposed in that case.

Plaintiff's complaint alleges that he was arrested by Shelby County Sheriffs Deputies in January 2007 and charged in state court with felon in possession of a weapon, robbery, and especially aggravated kidnapping. Because of an unconstitutional scheme called "gun done for review," Defendant Luttrell relinquished his jurisdiction and Plaintiff was unconstitutionally indicted by a federal grand jury. (ECF No. 1 at 2.) Defendant Arvin unconstitutionally prosecuted Plaintiff although the federal court lacked legislative, territorial, and subject-matter jurisdiction over him. Arvin allegedly allowed Plaintiff to enter into an illegal plea agreement. Plaintiff contends that he is a citizen of the sovereign and independent State of Tennessee, where the offenses were allegedly committed. (Id. at 3.) Defendant Arvin infringed Plaintiff's rights under the Ninth and Tenth Amendments by prosecuting him in federal court. (Id. at 3-4.) Plaintiff also asserts a violation of Bond v. United States, ___ U.S. ___, 131 S. Ct. 2355 (2011). (ECF No. 1 at 4.)

Plaintiff seeks an investigation and money damages. (Id. at 5.)

2

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677-79 (2009), and in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007), are applied. <u>Hill v. Lappin</u>, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" <u>Williams v. Curtin</u>, 631 F.3d 380, 383 (6th Cir. 2011) (quoting <u>Iqbal</u>, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Iqbal</u>, 556 U.S. at 679; <u>see also</u> <u>Twombly</u>, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the

nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would <u>ipso facto</u> fail to state a claim upon which relief can be granted." <u>Hill</u>, 630 F.3d at 470 (citing <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke</u>, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, <u>Iqbal</u>, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. <u>Neitzke</u>, 490 U.S. at 327-28, 109 S. Ct. 1827.

<u>Id.</u> at 471.

"<u>Pro se</u> complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." <u>Williams</u>, 631 F.3d at 383 (quoting <u>Martin v. Overton</u>, 391 F.3d 710, 712 (6th Cir. 2004)). <u>Pro se</u> litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of <u>pro se</u> prisoner suits, the Supreme Court suggested that <u>pro se</u> complaints are to be held to a less stringent standard than formal

4

> pleadings drafted by lawyers. See Haines v. Kerner, 404
> U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per
> curiam). Neither that Court nor other courts, however,
> have been willing to abrogate basic pleading essentials
> in pro se suits. See, e.g., id. at 521, 92 S. Ct. at 596
> (holding petitioner to standards of Conley v. Gibson);
> Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be
> less stringent with pro se complaint does not require
> court to conjure up unplead allegations), cert. denied,
> 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d 3366 (1983);
> McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same);
> Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (pro se
> plaintiffs should plead with requisite specificity so as
> to give defendants notice); Holsey v. Collins, 90 F.R.D.
> 122 (D. Md. 1981) (even pro se litigants must meet some
> minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral

arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), cert. denied, ___ U.S. ___, 132 S. Ct. 461 (2011).

Plaintiff's claims arise under Bivens, which provides a right of action against federal employees who violate an individual's rights under the United States Constitution. "Under the Bivens line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." Koubriti v. Convertino, 593 F.3d 459, 466 (6th Cir.), cert. denied, ___ U.S. ___, 131 S. Ct. 82 (2010). Plaintiff cannot sue Defendant Luttrell under Bivens because, as the former Shelby County Sheriff, he was not a federal employee.

Plaintiff also cannot obtain money damages from Defendant Arvin. Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). Plaintiff's claim for money damages against Defendant Arvin is barred by absolute prosecutorial immunity. Id. at 427-28; Burns v. Reed, 500 U.S. 478, 490-492 (1991); Grant v. Hollenbach, 870 F.2d

1135, 1137 (6th Cir. 1989); Jones v. Shankland, 800 F.2d 77, 80 (6th Cir. 1986).

With the possible exception of any claim arising from the decision in Bond v. United States, Plaintiff's Bivens claims are also time barred. A one-year statute of limitations is applicable to Bivens actions in Tennessee. Mason v. Department of Justice, 39 F. App'x 205, 207 (6th Cir. 2002); see also Merriweather v. City of Memphis, 107 F.3d 396, 398 n.1 (6th Cir. 1997) ("In federal constitutional tort actions, the court borrows the statute of limitations for personal torts from the state where the claim arose — here, Tennessee."); Tenn. Code Ann. § 28-3-104(a). The events at issue occurred between 2007 and 2009, and Plaintiff's complaint was signed more than three years later, on February 20, 2012. (ECF No. 1 at 5.)

Plaintiff also cannot sue for money damages for his allegedly unlawful confinement because it has not been determined that his convictions and sentences are invalid. As the Supreme Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

> conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnotes omitted). Thus, a prisoner has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of a court order directing his confinement unless and until any prosecution is ended in his favor, an existing conviction is set aside, or the confinement is declared illegal. Id. at 481-82; Schilling v. White, 58 F.3d 1081, 1086 (6th Cir. 1995). None of these events has occurred.

Finally, Plaintiff's claim that he is not subject to federal law is frivolous. See United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993) (characterizing litigant's claim that he is "a citizen of the mythical 'Indiana State Republic' and for that reason is an alien beyond the jurisdictional reach of the federal courts" as "a 'shop worn' argument of the tax protester movement").

Therefore, the Court DISMISSES the Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The claims against Defendant Arvin are also DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). Judgment shall be entered for Defendants.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED.

If Plaintiff appeals the dismissal of this case, the Court is required to assess the $455 appellate filing fee. In

McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA, 28 U.S.C. §§ 1915(a)-(b). Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the second dismissal in this district of one of his cases as frivolous or for failure to state a claim.[1] This "strike" shall take effect, without further action by the Court, upon expiration of the time for filing a notice of appeal, the dismissal of any appeal, or the affirmation of this Court's decision on appeal, whichever is later.

IT IS SO ORDERED this 20th day of June, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff previously filed Davis v. Kustoff, No. 12-2282-STA-cgc (W.D. Tenn.), which was dismissed for failure to state a claim on June 1, 2012.